## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JORDAN SALLASKA,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )          **Case No. CIV-06-1039-F**
                                          )
SOUTHWESTERN OKLAHOMA                     )
STATE UNIVERSITY, et al.,                 )
                                          )
                    Defendant.            )

## ANSWER OF DEFENDANT SOUTHWESTERN
## OKLAHOMA STATE UNIVERSITY

COMES NOW Defendant, Southwestern Oklahoma State University, ("SWOSU"), and for their Answer to Plaintiff's Amended Complaint alleges and states as follows:

1.     Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint and demands strict proof thereof.

2.     Defendant is a body corporate of the State of Oklahoma.  Defendant admits the remaining allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint.

3.     Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint and demands strict proof thereof.

4.     Paragraph 4 of Plaintiffs' Amended Complaint constitutes a statement of law or a legal conclusion rather than a factual averment and requires no response.

5.     Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint and demands strict proof thereof.

6.     Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7.     Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint and demands strict proof thereof.

8.     Defendant admits Plaintiff began her employment with Defendant on or about June 4, 2003.  Defendant denies the remaining allegations set forth in paragraph 8 of Plaintiff's Amended Complaint and demands strict proof thereof.

9.     Defendant admits that Mr. Diffendaffer was a Supervisor at SWASU.  Defendant denies the remaining allegations set forth in paragraph 9 of Plaintiff's Amended Complaint and demands strict proof thereof.

10.     Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint and demands strict proof thereof.

11.     Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint and demands strict proof thereof.

12.     Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint and demands strict proof thereof.

13.     Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint and demands strict proof thereof.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint and demands strict proof thereof.

15.     Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint and demands strict proof thereof.

16.     Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint and demands strict proof thereof.

17.     Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint and demands strict proof thereof.

18.     No response to Paragraph 18 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against this Defendant.

19.     Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint and demands strict proof thereof.

20.     Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint and demands strict proof thereof.

21.     No response to Paragraph 21 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against this Defendant.

22.     Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Amended Complaint and demands strict proof thereof.

23.     Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Amended Complaint and demands strict proof thereof.

24.     No response to Paragraph 24 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against the individually named Defendants.

25.     No response to Paragraph 25 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint and demands strict proof thereof.

26.     No response to Paragraph 26 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant

denies the allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint and demands strict proof thereof.

27.     No response to Paragraph 27 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Amended Complaint and demands strict proof thereof.

28.     No response to Paragraph 28 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against the individually named Defendants.

29.     No response to Paragraph 29 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Amended Complaint and demands strict proof thereof.

30.     No response to Paragraph 30 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Amended Complaint and demands strict proof thereof.

31.     No response to Paragraph 31 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint and demands strict proof thereof.

32.     No response to Paragraph 32 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against the individually named Defendants.

33.     No response to Paragraph 33 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint and demands strict proof thereof.

34.     No response to Paragraph 34 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Amended Complaint and demands strict proof thereof.

35.     No response to Paragraph 35 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint and demands strict proof thereof.

36.     No response to Paragraph 36 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against this Defendant.

37.     Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Amended Complaint and demands strict proof thereof.

38.     Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint and demands strict proof thereof.

39.     No response to Paragraph 39 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against this Defendant.

40.     Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Amended Complaint and demands strict proof thereof.

41.    Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Amended Complaint and demands strict proof thereof.

42.    No response to Paragraph 42 of Plaintiff's Amended Complaint is necessary, as it merely identifies that this Count is alleged against the individually named Defendants.

43.    No response to Paragraph 43 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Amended Complaint and demands strict proof thereof.

44.    No response to Paragraph 44 of Plaintiff's Amended Complaint is necessary, as it is directed at the individually named Defendants.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Amended Complaint and demands strict proof thereof.

45.    Defendants denies the allegations set forth in Plaintiff's ad damnum paragraph.

## AFFIRMATIVE DEFENSES

1.    Defendant is immune from Plaintiff's claims pursuant to the Eleventh Amendment to the United States Constitution.

2.    Plaintiff has failed to exhaust available administrative remedies.

3.    Plaintiff has failed to state a claim for which relief can be granted.

4.    Defendant did not subject Plaintiff to any illegal discrimination, as alleged in the Amended Complaint.

5.    Defendant did not subject Plaintiff to retaliation, as alleged in the Amended Complaint.

6

6.     Defendant did not subject Plaintiff to a hostile work environment, as alleged in the Amended Complaint.

7.     Defendant had *bona fide*, legitimate, non-discriminatory reasons for all actions taken with regard to Plaintiff and for any and all employment decisions they made.

8.     Plaintiff's employment was either terminated for good cause and/or in compliance with applicable law.

9.     All actions taken by Defendant were taken in good faith and were objectively reasonable under the prevailing circumstances and did not violate the law.

10.     Defendant acted at all times relevant and material in good faith.

11.     Defendant acted at all times relevant and material in conformity with established policies and procedures.

12.     Defendant did not owe any contractual obligation to Plaintiff which was breached; alternatively, to the extent some specific and special contract existed between Plaintiff and Defendant, which is denied, Defendant did not breach any obligations or duties owed to Plaintiff thereunder.

13.     Plaintiff failed to comply with the provisions of the Oklahoma Government Tort Claims Act.

14.     State is immune from liability pursuant to the terms and provisions of the Oklahoma Government Tort Claims Act, 51 O.S. § 151, *et seq*.

15.     Plaintiff's alleged damages, if any, which are denied, are limited by the provisions of the Oklahoma Government Tort Claims Act, 51 O.S. § 151, *et seq*.

16.     Plaintiff may have failed to mitigate her damages, if any, which is denied.

7

17.     Plaintiff is not entitled to punitive damages against this Defendant.

18.     Defendant reserves the right to amend its affirmative defenses as is appropriate as discovery progresses.

Respectfully submitted,


s/ Allison J. Maynard
**ALLISON J. MAYNARD, OBA #19675**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, Oklahoma   73105
Tele: (405) 521-4274   Fax: (405) 521-4518
Allison_Maynard@oag.state.ok.us

Attorney for Defendant Southwestern
Oklahoma State University


## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jana B. Leonard
Shannon C. Smith
Leonard & Associates, P.L.L.C.
230 North Robinson, Suite 2300
Oklahoma City, OK  73102
*Attorneys for Plaintiff*


s/ Allison J. Maynard
Allison J. Maynard

8